Granovsky & Sundaresh PLLC
Alexander Granovsky (AG-6962)
David E. Byrnes (DB-6259)
48 Wall Street / New York, NY 10005
dbyrnes@g-s-law.com / ag@g-s-law.com
(646) 524-6001
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEI CHUAN WANG,<br><br>   *Plaintiff*,<br><br>  v.<br><br>SPRINGWORKS THERAPEUTICS, INC.,<br><br>   *Defendant.* | CASE NO.: 24-CV-08468 (JPC)<br><br>JUDGE JOHN P. CRONAN<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff Wei Chuan Wang, through her attorneys, Granovsky & Sundaresh PLLC, and as her complaint against Defendant SpringWorks Therapeutics, Inc. brings this action and alleges as follows:

### NATURE OF ACTION

1. This is a civil rights action brought in order to redress multiple deprivations by Defendant of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), New York State Human Rights Law, New York Exec. Law § 291 *et seq*. ("NYSHRL"), and New York common law.

2. Defendant discriminated against Plaintiff and unlawfully terminated her employment based on her race, age, and gender.

3. Defendant acted knowingly, purposefully, and with the intention of depriving Plaintiff of her right to be free of discrimination in the workplace.

**JURISDICTION, VENUE, AND TIMELINESS**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because there is no district in which this action may otherwise be brought and the parties have, by signed agreement attached hereto as Plaintiff's Exhibit A, agreed to "submit to the exclusive personal jurisdiction of the federal and state courts located in the State of New York in connection with any Dispute or any claim related to any Dispute."

7. Within 300 days of the events described below, on March 24, 2024, Plaintiff through counsel timely filed a Charge of Discrimination with the EEOC as Charge No. 511-2024-02605.

8. The EEOC issued Plaintiff a Notice of Right to Sue letter dated August 16, 2024.

9. Plaintiff received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which as been attached hereto as Plaintiff's Exhibit B.

10. Plaintiff filed this Complaint within 90 days of the issuance of the EEOC Notice of Right to Sue letter.

11. Plaintiff has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## PARTIES

**<u>Plaintiff</u>**

12. Plaintiff is a 45-year-old Asian woman and currently a resident of Florida.

13. Plaintiff worked for Defendant SpringWorks from January 7, 2019 until March 4, 2024 when Defendant SpringWorks unexpectedly terminated her employment.

14. Plaintiff was at all relevant times herein an employee as defined by Title VII and NYSHRL.

15. At the time of her termination on March 4, 2024, Plaintiff's immediate supervisor was CFO Francis Perier, a Caucasian man.

**<u>Defendant</u>**

16. Defendant SpringWorks is a Delaware corporation headquartered at 100 Washington Boulevard, Stamford, Connecticut, 06902 and employs approximately 300 people as a commercial-stage biopharmaceutical company.

17. SpringWorks was at all times hereinafter mentioned an employer within the meaning of Title VII and NYSHRL.

## STATEMENT OF FACTS

18. Plaintiff is a former employee of Defendant SpringWorks.

19. Defendant SpringWorks employed Plaintiff as a Controller on or about January 7, 2019.

20. In January 2019, Defendant SpringWorks was still a start-up company.

21. Plaintiff was one of the first employees hired by Defendant SpringWorks.

22. In January 2019, Defendant SpringWorks planned to transition to public ownership through an Initial Public Offering ("IPO").

23. Defendant SpringWorks recruited Plaintiff based on her experience and expertise in the expectation that Plaintiff would facilitate Defendant's IPO.

24. In order to attract talented employees like Plaintiff, Defendant SpringWorks offered Plaintiff incentive compensation including equity shares and options to purchase equity shares.

25. Defendant SpringWorks offered Plaintiff approximately $635,000 in equity as incentive compensation.

26. Plaintiff was an exemplary employee and helped build Defendant SpringWorks' accounting and finance departments from scratch.

27. Plaintiff reported to CEO Saqib Islam until August 2019 when Plaintiff was assigned to report directly to CFO Francis Perier.

28. Francis Perier was not involved in Plaintiff's hiring.

29. Plaintiff was one of four direct reports to Mr. Perier and the only Asian woman of the four direct reports.

30. Plaintiff's three similarly situated colleagues who reported directly to Mr. Perier were Caucasian men.

31. In or about October 2019 in recognition of her dedication and excellent work, Defendant SpringWorks promoted Plaintiff to Vice President, Controller.

32. Plaintiff's expertise and efforts were crucial components of Defendant SpringWorks' successful 2019 IPO.

33. Subsequent to the IPO, Plaintiff's experience and continued efforts contributed to tripling Defendant SpringWorks' pre-IPO value.

34. In early 2020, SpringWorks offered Plaintiff additional incentive compensation in the form of equity and options valued at approximately $1,090,000.

35. Despite her hard work and outstanding performance, Plaintiff noticed that her similarly situated male colleagues received more support and mentoring from Mr. Perier and had more opportunities for career advancement.

36. In or about November 2021, Mr. Perier removed Plaintiff from her position as Vice President Controller and replaced her with a less experienced and less qualified Caucasian male employee.

37. In or about November 2021, Defendant SpringWorks reassigned Plaintiff to the position of Vice President, Treasury and Equity, a position that Plaintiff did not want and for which she had no prior experience.

38. Defendant SpringWorks removed Plaintiff from her position as Vice President Controller based on her age, race, and gender so that SpringWorks could give that position to a less experienced, less qualified Caucasian male employee.

39. Plaintiff felt pressured by Defendant SpringWorks to accept the new Vice President, Treasury and Equity position at the risk of losing her employment.

40. Defendant SpringWorks failed to provide Plaintiff with proper training or support in her position as Vice President, Treasury and Equity.

41. Defendant SpringWorks treated Plaintiff less favorably than her similarly situated Caucasian male colleagues and refused to provide her with the same level of resources provided to similarly situated Caucasian male colleagues.

42. Mr. Perier consistently treated Plaintiff unfavorably compared to her similarly situated Caucasian male colleagues.

43. Mr. Perier never completed the annual or bi-annual performance reviews for Plaintiff as required by HR but did provide annual and bi-annual performance reviews for Plaintiff's similarly situated Caucasian male colleagues.

44. Mr. Perier approved Plaintiff for only the lowest possible annual wage increase within the range allowed by HR but consistently approved higher annual wage increases for Plaintiff's similarly situated Caucasian male colleagues.

45. As Vice President, Treasury and Equity, Plaintiff was involved in reviewing financial data including employee compensation, disciplinary actions, and severance negotiations.

46. As Vice President, Treasury and Equity, Plaintiff noticed a pattern of discrimination at Defendant SpringWorks.

47. Defendant SpringWorks regularly promoted the fact that its female employees comprised at least 55% of its workforce.

48. Plaintiff noticed that although female employees comprised at least 55% of Defendant SpringWorks' workforce, less than 30% of Defendant SpringWorks' Senior Management were female.

49. Plaintiff also noticed that female employees received lower pay, fewer bonuses, fewer incentive awards, and fewer opportunities for advancement than their similarly situated male colleagues.

50. Plaintiff noticed that between January 2023 and March 4, 2024, all of the involuntary terminations from the top three levels of Defendant SpringWorks' Senior Management were women, and of those, 67% were Asian women.

51. In addition to Defendant SpringWorks' pattern of gender bias, Plaintiff noticed that employees of color were significantly more likely to receive disciplinary actions and have their employment terminated than their similarly situated Caucasian counterparts.

52. On or about March 4, 2024, Defendant SpringWorks terminated Plaintiff's employment as part of a Reduction in Force ("RIF").

53. Of the four direct reports under Mr. Perier, only Plaintiff, an Asian woman, was included in the RIF.  None of Plaintiff's similarly situated Caucasian male colleagues who reported directly to Mr. Perier were included in the RIF.

54. Plaintiff was surprised to be included in the RIF because she was consistently a high-level performer, she was an early hire whose efforts significantly contributed to the company's success, and Defendant SpringWorks was extremely profitable and the RIF was unnecessary.

55. Defendant SpringWorks' RIF was executed in anticipation of being purchased by another company.

56. Those employees not included in the RIF were in a position to benefit from their incentive compensation, including equity and option compensation, based on their early risk and dedication to SpringWorks as a startup company.

57. As a result of her termination of employment on March 4, 2024, Plaintiff lost most of her incentive compensation.

58. Plaintiff was forced to forfeit and/or cancel approximately 75% of the incentive compensation she received as shares and options during her tenure.

59. Defendant SpringWorks acquired Plaintiff's forfeited and cancelled incentive compensation.

60. As of March 4, 2024 when Plaintiff's employment was terminated, only 11 employees at Defendant SpringWorks had more tenure than Plaintiff and none of them were Asian women.

61. Defendant SpringWorks did not terminate the employment of the 11 employees that had more tenure than Plaintiff, allowing them to retain the value of their incentive compensation and profit from Plaintiff's forfeit and/or cancelled shares.

62. As of March 4, 2024, Asian women comprised only 10% of Defendant SpringWorks' workforce, but comprised 30% of the March 2024 RIF.

63. Defendant SpringWorks executed the March 2024 RIF to reduce the number of non-Caucasian female employees employed at SpringWorks.

64. 80% of the employees terminated in the March 2024 RIF were over the age of 40, including Plaintiff.

65. Defendant SpringWorks executed the RIF to reduce the number of employees over the age of 40 employed at SpringWorks.

66. Upon information and belief, Defendant SpringWorks executed the March 2024 RIF to create a younger, less diverse workforce as a selling point to prospective buyers.

67. Defendant SpringWorks knowingly and willfully engaged in a pattern and practice of unlawful discrimination because it believed that a mostly Caucasian male workforce would be more marketable to prospective buyers.

68. Defendant SpringWorks had no legitimate business reason to include Plaintiff in the March 2024 RIF.

69. Defendant SpringWorks had no legitimate business reason to include a disproportionate number of Asian women in the March 2024 RIF.

70. Defendant SpringWorks had no legitimate business reason to include a disproportionate number of employees over the age of 40 in the March 2024 RIF.

71. Defendant SpringWorks had no legitimate business reason to terminate Plaintiff's employment.

72. Defendant SpringWorks included Plaintiff in the March 2024 RIF and terminated her employment because Plaintiff was an Asian woman over the age of 40.

73. As a direct and proximate result of Defendant SpringWorks' unlawful discrimination, Plaintiff suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT I
## DISCRIMINATION ON THE BASIS OF SEX

74. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. This Count is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and reference is made to Title VII in its entirety. This Count is also brought under the NYSHRL, N.Y. Exec. L. §290 *et seq.*, and reference is made to the NYSHRL in its entirety.

76. At all relevant times, Plaintiff was an employee and person belonging to a protected class on the basis of her sex within the meaning of Title VII and NYSHRL.

77. At all relevant times, Defendant SpringWorks was and is an employer within the meaning of Title VII and NYSHRL.

78. By the acts and practices described above, including, but not limited to, disparate treatment, lower pay, and termination of her employment, Defendant SpringWorks discriminated against Plaintiff in the terms, conditions, and privileges of her employment on the basis of her sex in violation of Title VII and NYSHRL.

79. Defendant SpringWorks' conduct was intentional and was carried out with malice and/or reckless indifference to Mr. Wang's protected right to be free from unlawful discrimination.

80. As a direct and proximate consequence of Defendant SpringWorks' intentional and unlawful employment policies and practices, Plaintiff has suffered, and continues to suffer irreparable injury, monetary damages including, but not limited to, the loss of income, including past salary, future salary, and company-sponsored benefits and other direct costs.  Plaintiff is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs from Defendant under Title VII and NYSHRL.

## COUNT II
## DISCRIMINATION ON THE BASIS OF RACE

81. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82. This Count is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, and reference is made to Title VII in its entirety.  This Count is also brought under the NYSHRL, N.Y. Exec. L. §290 *et seq.*, and reference is made to the NYSHRL in its entirety.

83. At all relevant times, Plaintiff was an employee and person belonging to a protected class on the basis of her race within the meaning of Title VII and NYSHRL.

84. At all relevant times, Defendant SpringWorks was and is an employer within the meaning of Title VII and NYSHRL.

85. By the acts and practices described above, including, but not limited to, disparate treatment, lower pay, and termination of her employment, Defendant SpringWorks discriminated against

10

Plaintiff in the terms, conditions, and privileges of her employment on the basis of her race in violation of Title VII and NYSHRL.

86. Defendant SpringWorks' conduct was intentional and was carried out with malice and/or reckless indifference to Mr. Wang's protected right to be free from unlawful discrimination.

87. As a direct and proximate consequence of Defendant SpringWorks' intentional and unlawful employment policies and practices, Plaintiff has suffered, and continues to suffer irreparable injury, monetary damages including, but not limited to, the loss of income, including past salary, future salary, and company-sponsored benefits and other direct costs.  Plaintiff is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs from Defendant under Title VII and NYSHRL.

## COUNT III
## DISCRIMINATION ON THE BASIS OF AGE

88. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

89. This Count is brought under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 ("ADEA"), and reference is made to the ADEA in its entirety.  This Count is also brought under the NYSHRL, N.Y. Exec. L. §290 *et seq*. and reference is made to the NYSHRL in its entirety.

90. At all relevant times, Plaintiff was an employee and person over the age of 40 within the meaning of the ADEA and NYSHRL.

91. At all relevant times, Defendant SpringWorks was and is an employer withing the meaning of the ADEA and NYSHRL.

92. By the acts and practices described above, including, but not limited to, disparate treatment, lower pay, and termination of Plaintiff's employment, Defendant SpringWorks discriminated against Plaintiff in the terms, conditions and privileges of employment on the basis of age in violation of the ADEA and NYSHRL.

93. Defendant SpringWorks' conduct was intentional and was carried out with malice and/or reckless indifference to Plaintiff's protected right to be free from unlawful discrimination.

94. As a direct and proximate consequence of Defendant SpringWorks' intentional and unlawful employment policies and practices, including but not limited to, lower pay and termination of her employment, Plaintiff has suffered, and continues to suffer irreparable injury, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits and other direct costs.  Plaintiff is entitled to reinstatement and to recover monetary and other damages, punitive damages, interest (pre-judgment and post-judgment), and attorneys' fees and costs from Defendant under the ADEA and NYSHRL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Judgment ordering Defendant to reinstate Plaintiff in Defendant's employ in the same or better position as Plaintiff previously held with the same or better compensation, benefits, and promotion opportunities;

b. Judgment against Defendant for back pay and front pay based on all wages, benefits, bonuses, and other compensation that Plaintiff would have received had she not been treated disparately from similarly situated employees, and had her employment not been terminated, together with all increases as can reasonably be determined;

c. Judgment against Defendant for all compensatory damages sustained by Plaintiff as a result of Defendant's discriminatory and/or retaliatory conduct including, but not limited to, damages for emotional distress, embarrassment, and humiliation suffered by Plaintiff;

d. Judgment against Defendant for all past salary, normal salary increases and other compensation and benefits from Plaintiff's date of hire to the date of judgment together with interest;

e. Judgment against Defendant for punitive damages;

f. Judgment for interest (including pre-judgment interest);

g. Declaration that the acts and practices herein are in violation of the Title VII, ADEA, and NYSHRL;

h. Judgment awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

i. Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
       March 10, 2025

                                              Respectfully Submitted,
                                              GRANOVSKY & SUNDARESH PLLC

                                              /s/ David E. Byrnes
                                              David E. Byrnes (DB-6259)
                                              Alexander Granovsky (AG-6962)
                                              48 Wall Street / New York, NY 10005
                                              dbyrnes@g-s-law.com
                                              ag@g-s-law.com
                                              (646) 524-6001
                                              *Attorneys for Plaintiff Wei Chuan Wang*