**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
.............................................................x

Wei Chuan Wang,

                        Plaintiff,

              -against-                              Case No. 24-cv-08468 (JPC)

SpringWorks Therapeutics, Inc.,

                        Defendant.

.............................................................x

 

<u>**DEFENDANT SPRINGWORKS' MEMORANDUM OF LAW IN SUPPORT OF ITS**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

 

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

Joseph Anci, Esq.
Olivia P. Hines, Esq.

*Attorneys for Defendant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

    A. Factual Background ........................................................................................... 2

    B. Procedural History ............................................................................................. 4

STANDARD OF REVIEW .................................................................................................. 5

ARGUMENT ...................................................................................................................... 6

    POINT I ...................................................................................................................... 6

    PLAINTIFF'S NYSHRL CLAIMS SHOULD BE DISMISSED. .................................... 6

        A. Plaintiff Cannot State a Claim Under the NYSHRL Because She Did Not Live or Work In New York. ...................................................................... 6

        B. The Choice of Law Provision in Plaintiff's Offer Letter Is Insufficient to Establish Jurisdiction Under the NYSHRL. ...................................................... 8

    POINT II ..................................................................................................................... 10

    PLAINTIFF'S FEDERAL DISCRIMINATION CLAIMS SHOULD BE DISMISSED. ................................................................................................................ 10

        A. Any Allegations Occurring Prior to June 4, 2023 Are Time-Barred Under Title VII and the ADEA. ........................................................................................ 10

        B. Plaintiff's Remaining Claims Fail to State a Claim for Discrimination. .......... 11

CONCLUSION .................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..........................................................................................................5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)..........................................................................................................5

Blige v. City Univ. of N.Y.,
No. 15 Civ. 8873, 2017 U.S. Dist. LEXIS 8354 (S.D.N.Y. Jan. 19, 2017)............................13

Bonaffini v. City Univ. of New York,
No. 20 Civ. 5118 (BMC), 2024 U.S. Dist. LEXIS 174846 (E.D.N.Y. Sept. 25,
2024) ......................................................................................................................11

Burgess v. New Sch. Univ.,
No. 23 Civ. 4944 (JGK), 2024 U.S. Dist. LEXIS 163306 (S.D.N.Y. Sept. 11,
2024) ......................................................................................................................10

Butts v. Kelch,
No. 22 Civ. 04418 (OEM) (CLP), 2025 U.S. Dist. LEXIS 19894 (E.D.N.Y.
Feb. 4, 2025) ..........................................................................................................11

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002)..............................................................................................11

Duffy v. Drake Beam Morin,
No. 96 Civ. 5606 (MBM), 1998 U.S. Dist. LEXIS 7215 (S.D.N.Y. May 19,
1998) ........................................................................................................................8

Ekpe v. City of N.Y.,
No. 20 Civ. 9143 (AT), 2024 U.S. Dist. LEXIS 68503 (S.D.N.Y. Apr. 12,
2024) ......................................................................................................................10

Fried v. LVI Servs Inc.,
500 F. App'x 39 (2d Cir. 2012) ..........................................................................................8

Ghorpade v. Metlife, Inc.,
No. 14 Civ. 4379 (JPO), 2014 U.S. Dist. LEXIS 172408 (S.D.N.Y. Dec. 12,
2014) ........................................................................................................................6

Ginx, Inc. v. Soho Alliance,
720 F. Supp. 2d 342 (S.D.N.Y. 2010)................................................................................12

Hoffman v. Parade Publ'ns,
    15 N.Y.3d 285 (2010) ...........................................................................................6, 7, 8, 9

Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,
    274 F.3d 683 (2d Cir. 2001) .........................................................................................10

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015) .........................................................................................12

Maines v. Last Chance Funding, Inc.,
    No. 2:17 Civ. 05453 (ADS)(ARL), U.S. Dist. LEXIS 164469 (E.D.N.Y. Sep.
    25, 2018) ...........................................................................................................................7

McDonnell Douglas Corp. v. Green,
    411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) ............................................12

Muldrow v. City of St. Louis, Missouri,
    601 U.S. 346 (2024) .......................................................................................................11

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007) .........................................................................................14

Pedroza v. Ralph Lauren Corp.,
    No. 19 Civ. 08639 (ER), 2020 U.S. Dist. LEXIS 131504 (S.D.N.Y. July 24,
    2020) .............................................................................................................................7, 9

Santiago v. ACACIA Network, Inc.,
    634 F. Supp. 3d 143 (S.D.N.Y. 2022) ..........................................................................12

Trotter v. NFL,
    737 F. Supp. 3d 172 (S.D.N.Y. June 12, 2024) ......................................................6, 8, 9

Tulczynska v. Queens Hosp. Ctr.,
    No. 17 Civ. 1669, 2019 U.S. Dist. LEXIS 23751 (S.D.N.Y. Feb. 12, 2019) ...........11

Ware v. L-3 Vertex Aerospace, LLC,
    833 F. App'x 357 (2d Cir. 2020) ....................................................................................8

Ware v. L-3 Vertex Aerospace, LLC,
    833 Fed. Appx. 357 (2d Cir. 2020) ................................................................................6

Watson v. Geithner,
    No. 11 Civ. 9527, 2013 U.S. Dist. LEXIS 141009 (S.D.N.Y. Sept. 27, 2013) .........12

Williams v. City of New York,
    No. 03 Civ. 5342 (RWS), 2005 U.S. Dist LEXIS 26143 (S.D.N.Y. Nov. 1,
    2005) .................................................................................................................................5

<u>Williams v. Victoria's Secret</u>,
    No. 15 Civ. 4715, 2017 U.S. Dist. LEXIS 11735 (S.D.N.Y. Jan. 27, 2017)..........................14

**Statutes**

29 U.S.C. § 626(d) (Age Discrimination in Employment Act) ............................................ *passim*

42 U.S.C. § 2000e-5(e) (Title VII of the Civil Rights Act of 1964)..................................... *passim*

N.Y. Exec. Law § 290 (New York State Human Rights Law).............................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 5

## PRELIMINARY STATEMENT

Plaintiff, Wei Chuan Wang ("Plaintiff") brings an action alleging sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"), and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and NYSHRL. Defendant SpringWorks Therapeutics, Inc. ("SpringWorks") now moves to dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's Amended Complaint cannot survive a motion to dismiss for the following reasons. First, Plaintiff's claims under the NYSHRL must be dismissed for lack of jurisdiction. Plaintiff neither resided nor worked in New York during the relevant period, and thus cannot satisfy the "impact requirement" necessary to invoke the protections of the NYSHRL.

Second, Plaintiff's federal discrimination claims under the ADEA and Title VII should be dismissed because they accrued before June 2023 and are therefore time-barred.

Lastly, Plaintiff's remaining claims under Title VII and the ADEA also fail to state a claim as a matter of law. In the Amended Complaint, Plaintiff identifies and concedes that her employment was terminated as part of a reduction in force ("RIF"), and she has not and cannot plausibly allege that inclusion in this RIF was a materially adverse employment action under circumstances that gives rise to an inference of discrimination.

For these reasons, and as further detailed herein, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

**A.    Factual Background[2]**

Plaintiff is a 45-year-old Asian woman and currently a resident of Florida. See Plaintiff's Amended Complaint at Exhibit A[3] (the " Amended Complaint" or "Compl.") at ¶ 12. SpringWorks is a Delaware corporation headquartered at 100 Washington Boulevard, Stamford, Connecticut, 06902 and employs approximately 300 people as a commercial-stage biopharmaceutical company. Id. at ¶ 16. SpringWorks employed Plaintiff as a Controller on or about January 7, 2019. Id. at ¶ 19. In January 2019, SpringWorks planned to transition to public ownership through an Initial Public Offering ("IPO"). Id. at ¶ 22.

Plaintiff reported to Chief Executive Officer ("CEO") Saqib Islam until August 2019 when Plaintiff was assigned to report directly to Chief Finance Officer ("CFO") Francis Perier. Id. at ¶ 27. Plaintiff was one of four direct reports to Mr. Perier and the only Asian woman of the four direct reports. Id. at ¶ 29. Plaintiff alleges that three Caucasian men reported directly to Mr. Perier and were similarly situated to Plaintiff. Id. at ¶ 30. In or about October 2019 SpringWorks promoted Plaintiff to Vice President, Controller. Id. at ¶ 31. Plaintiff alleges that unidentified similarly situated male colleagues received more support and mentoring from Mr. Perier and had more opportunities for career advancement. Id. at ¶ 35.

 In or about November 2021, Mr. Perier transferred Plaintiff from her position as Vice President, Controller and, she alleges, replaced her with a less experienced and less qualified

---

[1] The facts alleged in the Amended Complaint are accepted as true solely for the purpose of this motion to dismiss. Should the motion be denied, SpringWorks reserves the right to contest such allegations in its answer.

[2] This Factual Background is derived from the allegations in the Amended Complaint, including the allegations contained in the Charge of Discrimination Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC").

[3] All references to "Exhibits" are to the exhibits annexed to the Declaration of Joseph Anci ("Anci Decl."), dated April 1, 2025.

Caucasian male employee. Id. at ¶ 36. In or about November 2021, SpringWorks reassigned Plaintiff to the position of Vice President, Treasury and Equity. Id. at ¶ 37.

Plaintiff alleges that SpringWorks removed Plaintiff from her position as Vice President, Controller based on her age, race, and gender, so that SpringWorks could give that position to an unidentified less experienced, less qualified Caucasian male employee. Id. at ¶ 38. Plaintiff further alleges that SpringWorks treated her less favorably than unidentified similarly situated Caucasian male colleagues and refused to provide her with the same level of resources provided to these colleagues. Id. at ¶ 41.

Plaintiff alleges that Mr. Perier treated her unfavorably compared to unidentified similarly situated Caucasian male colleagues. Id. at ¶ 42. Plaintiff alleges that Mr. Perier did not complete annual or bi-annual performance reviews for Plaintiff as required by Human Resources ("HR"), but did provide annual and bi-annual performance reviews for unidentified similarly situated Caucasian male colleagues. Id. at ¶ 43. Plaintiff alleges that Mr. Perier approved Plaintiff for only the lowest possible annual wage increase within the range allowed by HR but consistently approved higher annual wage increases for unidentified similarly situated Caucasian male colleagues. Id. at ¶ 44.

As Vice President, Treasury and Equity, Plaintiff alleges that she noticed a pattern of discrimination at SpringWorks. Id. at ¶ 46. Plaintiff alleges that female employees received lower pay, fewer bonuses, fewer incentive awards, and fewer opportunities for advancement than their similarly situated male colleagues, and were more likely to receive disciplinary actions than unidentified similarly situated Caucasian counterparts. Id. at ¶¶ 48-51.

On or about March 4, 2024, SpringWorks terminated Plaintiff's employment as part of a RIF. Id. at ¶ 52. Plaintiff alleges that she was the only one of the four direct reports under Mr.

Perier to be included in the RIF. Id. at ¶ 53. Plaintiff alleges that, as of March 4, 2024, when Plaintiff's employment was terminated, only 11 employees at SpringWorks had more tenure than Plaintiff and none of them were Asian women. Id. at ¶ 60. Plaintiff alleges that SpringWorks did not terminate the employment of the 11 unidentified employees that had more tenure than Plaintiff, allowing them to retain the value of their incentive compensation and profit from Plaintiff's forfeited and/or cancelled shares. Id. at ¶ 61.

Plaintiff alleges that SpringWorks executed the RIF in March 2024 to reduce the number of non-Caucasian female employees and number of employees over 40. Id. at ¶¶ 62-65.

Plaintiff alleges that SpringWorks knowingly and willfully engaged in a pattern and practice of unlawful discrimination because it believed that a mostly Caucasian male workforce would be more marketable to prospective buyers. Id. at ¶ 67. Further, Plaintiff alleges that SpringWorks had no legitimate business reason to include Plaintiff or a disproportionate number of non-Caucasian female employees and employees over the age of 40 in the March 2024 RIF. Id. at ¶¶ 68-70.

## B.    Procedural History

On or about March 30, 2024, Plaintiff filed an administrative charge of discrimination with the EEOC – Charge No. 511-2024-02605, (the "EEOC Charge").[4] The EEOC issued Plaintiff a Notice of Right to Sue letter dated August 16, 2024. On November 6, 2024, Plaintiff filed the Initial Complaint. ECF No. 1. On February 10, 2025, SpringWorks filed its pre-motion letter in anticipation of Defendant's Motion to Dismiss. ECF No. 14. On March 10, 2025, Plaintiff filed her Amended Complaint. ECF No. 18. Defendant now submits its motion to dismiss the Amended Complaint.

---

[4] Contrary to Plaintiff's allegation in ¶ 7 of the Amended Complaint, Plaintiff's EEOC Charge was signed and dated by Plaintiff on March 30, 2024, not March 24, 2024.

## STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Williams v. City of New York, No. 03 Civ. 5342 (RWS), 2005 U.S. Dist LEXIS 26143, at *4–5 (S.D.N.Y. Nov. 1, 2005).[5] However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations." Id. at 679. Accordingly, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Id. at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. at 570; Iqbal, 556 U.S. at 680.

---

[5] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S NYSHRL CLAIMS SHOULD BE
DISMISSED.**

Plaintiff's claims under the NYSHRL should be dismissed because she does not – and

cannot – allege that she felt the impact of any alleged discriminatory acts in New York State.

**A. Plaintiff Cannot State a Claim Under the NYSHRL Because She Did Not Live or
Work In New York.**

A plaintiff who resides outside of New York cannot assert a claim under the NYSHRL

unless the plaintiff felt the impact of alleged discrimination within New York State. Trotter v.

NFL, 737 F. Supp. 3d 172, 192 (S.D.N.Y. June 12, 2024) (holding that a non-New York resident

must plead or demonstrate that she or he was subjected to discrimination while working in the

state); see also Ghorpade v. Metlife, Inc., No. 14 Civ. 4379 (JPO), 2014 U.S. Dist. LEXIS 172408,

at *3 (S.D.N.Y. Dec. 12, 2014).

The New York Court of Appeals has affirmed that a plaintiff must satisfy the "impact

requirement" to be afforded the protection of the NYSHRL. See Hoffman v. Parade Publ'ns, 15

N.Y.3d 285, 290-92 (2010) (citing N.Y. Exec. Law § 290) ("The NYSHRL was enacted to ensure

that every individual within New York is afforded an equal opportunity to enjoy a full and

productive life. It is an exercise of the state's police power for the protection of the public welfare,

health, and peace of the people of New York."). While the NYSHRL provides protections that

may not be available under federal law, it does not extend these protections to individuals who

neither reside nor work in New York State. Ware v. L-3 Vertex Aerospace, LLC, 833 Fed. Appx.

357 (2d Cir. 2020).

For a non-resident of New York, such as Plaintiff, to bring a claim under the NYSHRL,

the non-resident "must plead and prove that the alleged discriminatory conduct had an impact in

New York." <u>Hoffman</u>, 15 N.Y.3d at 290. In <u>Hoffman</u>, the New York Court of Appeals concluded that dismissal of the plaintiff's NYSHRL claims was proper despite the fact that the defendant-company was headquartered in New York, the decision to terminate the plaintiff was made in New York, all management decisions were made from New York, and the plaintiff attended quarterly meetings in New York. <u>See id</u>. at 289-92. The Court found these connections to New York insufficient because there was no allegation that the plaintiff experienced discrimination while working in the state. <u>Id</u>.

Here, Plaintiff's Amended Complaint alleges even less of a nexus to New York compared to <u>Hoffman</u>. Plaintiff concedes that SpringWorks is a Delaware corporation headquartered in Stamford, Connecticut. Compl. ¶ 16. Plaintiff concedes that she is a resident of Florida. <u>Id</u>. ¶ 16. Like <u>Hoffman</u> and its progeny, the Amended Complaint does not set forth any factual allegations that Plaintiff, or her employment, had any connection to New York State. During the term of her employment, Plaintiff resided in Connecticut until approximately 2021 when she moved to Florida. At no time during the relevant period did Plaintiff have any connection to New York; she did not report to a supervisor in New York, was not a New York resident, and none of the alleged discriminatory acts occurred in New York.

Plaintiff has not pled, and cannot plead or prove that the alleged discriminatory conduct had any impact in New York. Thus, Plaintiff's NYSHRL claims should be dismissed. <u>See</u>, <u>e.g.</u>, <u>Pedroza v. Ralph Lauren Corp.</u>, No. 19 Civ. 08639 (ER), 2020 U.S. Dist. LEXIS 131504 at *2, 4-6 (S.D.N.Y. July 24, 2020) (dismissing NYSHRL and NYCHRL claims because a plaintiff who worked in New Jersey could not establish impact in New York); <u>Maines v. Last Chance Funding, Inc.</u>, No. 2:17 Civ. 05453 (ADS)(ARL), U.S. Dist. LEXIS 164469 at *8 (E.D.N.Y. Sep. 25, 2018)

(dismissing NYSHRL claim brought by a plaintiff who worked with people in New York but did not personally work in New York).

Plaintiff did not live or work in New York State during the relevant time period and has failed to establish that she felt the impact of any alleged discriminatory act in New York State. Accordingly, her claims under the NYSHRL fail as a matter of law and must be dismissed.

**B. The Choice of Law Provision in Plaintiff's Offer Letter Is Insufficient to Establish Jurisdiction Under the NYSHRL.**

A choice of law provision in an employment contract, by itself, is insufficient to establish jurisdiction under the NYSHRL if the plaintiff does not reside or work in New York, and the employer is not a New York company.

As discussed supra, plaintiffs seeking protection under the NYSHRL must either work in or reside in the State or satisfy the "impact requirement." Hoffman v. Parade Publ'ns, 15 N.Y.3d 285; Fried v. LVI Servs Inc., 500 F. App'x 39, 42 (2d Cir. 2012). As the court noted, "[t]o hold otherwise would be to expand [the statute] to cover any employee who is fired…no matter where the employee in question actually works." Ware v. L-3 Vertex Aerospace, LLC, 833 F. App'x 357, 358-59 (2d Cir. 2020) (quoting Duffy v. Drake Beam Morin, No. 96 Civ. 5606 (MBM), 1998 U.S. Dist. LEXIS 7215, at *12 (S.D.N.Y. May 19, 1998)).

The only allegation in the Amended Complaint that even mentions New York, states:

Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because there is no district in which this action may otherwise be brought and the parties have, by signed agreement attached hereto as Plaintiff's Exhibit A,[6] agreed to 'submit to the exclusive personal jurisdiction of the federal and state courts located in the State of New York in connection with any Dispute or any claim related to any Dispute.'

Compl. ¶ 6. However, courts in this Circuit have declined to extend the protections of the NYSHRL to plaintiffs who neither reside nor work in New York and fail to meet the impact test, even where

---

[6] See Exhibit A at pg. 16 ("Offer Letter").

there is a New York choice of law provision. <u>See</u> <u>generally</u> <u>Trotter v. NFL</u>, 737 F. Supp. 3d 172.

The choice of law provision in Plaintiff's "Offer Letter" states:

> The terms of this Offer Letter and the resolution of any disputes as to the meaning, effect, performance or validity of this Offer Letter or arising out of related to, or in any way connected with, this Offer Letter, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by New York law, excluding laws relating to conflicts or choice of law. You and the Company submit to the exclusive personal jurisdiction of the federal and state courts located in the State of New York in connection with any Dispute or any claim related to any Dispute.

<u>See</u> Exhibit A at pg. 17 ¶ 9. This provision does not meet the impact requirement necessary for the NYSHRL to apply.

In <u>Trotter</u>, the Court found that the choice of law provision in Plaintiff's employment contract did not extend the applicability of the NYSHRL. The Court opined that even if the choice-of-law provision in question applied to tort claims (which it did not), it does not follow that the provision is sufficient to satisfy the impact requirement such that the NYSHRL is applicable. <u>Trotter v. NFL</u>, 737 F. Supp. 3d at 194. The <u>Trotter</u> Court made clear that in announcing the impact requirement, <u>Hoffman</u> did not "simply set forth a choice-of-law principle that may be waived through agreement of the parties." <u>Id</u>. Rather, <u>Hoffman</u> observed that the purpose of the NYSHRL is to protect those who work in New York State and adopted the impact requirement so as to conform the scope of the statute to this substantive goal. <u>Id</u>. at 291. Plaintiff has made her position clear, the sole connection to New York State and the NYSHRL is the choice of law provision of her Offer Letter. Without any pleading or proof that Plaintiff worked or resided in New York State, which she did not, the existence of a choice of law provision, alone, does not and cannot satisfy the NYSHRL jurisdiction requirements or the impact test. Accordingly, Plaintiff's NYSHRL claims must be dismissed. <u>See</u> <u>Pedroza v. Ralph Lauren Corp.</u>, No. 19 Civ. 08639 (ER), 2020 U.S. Dist. LEXIS 131504 at *5 (S.D.N.Y. July 24, 2020) (finding choice-of-law provision selecting

New York law was insufficient to distinguish facts that were otherwise similar to those in Hoffman).

**POINT II**

**PLAINTIFF'S FEDERAL DISCRIMINATION
CLAIMS SHOULD BE DISMISSED.**

Plaintiff's federal discrimination claims should be dismissed as time-barred. To the extent they are not procedurally barred, Plaintiff's allegations are insufficient to establish any cognizable cause of action.

### A. Any Allegations Occurring Prior to June 4, 2023 Are Time-Barred Under Title VII and the ADEA.

To claim a violation of Title VII or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts. See Ekpe v. City of N.Y., No. 20 Civ. 9143 (AT), 2024 U.S. Dist. LEXIS 68503 at *9 (S.D.N.Y. Apr. 12, 2024)(citing 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)); see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683 (2d Cir. 2001); Burgess v. New Sch. Univ., No. 23 Civ. 4944 (JGK), 2024 U.S. Dist. LEXIS 163306 at *20 (S.D.N.Y. Sept. 11, 2024). Any alleged acts occurring more than 300 days prior to an EEOC filing are time-barred. See id. at *22.

Plaintiff filed the EEOC Charge on March 30, 2024. Thus, any allegations prior to June 4, 2023—300 days prior thereto—are time-barred under Title VII and the ADEA.

The allegations in the Amended Complaint from Paragraphs 19 to 49 refer to events occurring between 2019 and 2021, specifically related to the Plaintiff's hire and subsequent transfer to the role of Vice President, Treasury & Equity in 2021. These allegations are untimely under both Title VII and the ADEA and should be dismissed. Indeed, even after having the opportunity to amend the complaint after Defendant's first pre-motion letter, Plaintiff has provided

10

no dates to identify any alleged adverse action between the alleged removal from her position in 2021 and her termination in 2024. <u>Compl</u>. at ¶¶ 36-49.

Even if any claims based on Plaintiff's transfer to the role of Vice President, Treasury & Equity were not time-barred, the transfer does not constitute an adverse employment action and thus cannot support a claim for discrimination. Plaintiff has not pleaded sufficient facts to plausibly allege that she suffered "some injury," "harm," or "disadvantage," or was otherwise "worse off" than she was before her transfer to Vice President of Treasury & Equity. <u>Muldrow v. City of St. Louis, Missouri</u>, 601 U.S. 346, 354-56, 359 (2024); <u>see also</u> <u>Bonaffini v. City Univ. of New York</u>, No. 20 Civ. 5118 (BMC), 2024 U.S. Dist. LEXIS 174846 at *5 (E.D.N.Y. Sept. 25, 2024) (noting that even after <u>Muldrow</u>, "not every change in working conditions, by itself, can be an adverse employment action."). Moreover, even if Plaintiff had stated an injury with respect to this incident, the Amended Complaint does not support an inference of discrimination, which is fatal to her claim. <u>See</u> <u>Butts v. Kelch</u>, No. 22 Civ. 04418 (OEM) (CLP), 2025 U.S. Dist. LEXIS 19894, at *9 (E.D.N.Y. Feb. 4, 2025).[7]

### B.  Plaintiff's Remaining Claims Fail to State a Claim for Discrimination.

Plaintiff's Title VII and ADEA discrimination claims based on her inclusion in a RIF also fail.

At the outset it must be noted that because the Amended Complaint references the RIF from Paragraphs 52 to 72, Defendant's adverse impact analysis ("RIF Analysis") is incorporated into the Amended Complaint by reference. The actual RIF data can be considered by the Court on a pre-answer motion to dismiss because it is "integral" to the Amended Complaint. <u>See</u> <u>Tulczynska v. Queens Hosp. Ctr.</u>, No. 17 Civ. 1669, 2019 U.S. Dist. LEXIS 23751, at *11 (S.D.N.Y. Feb. 12,

---

[7] It bears mentioning that contrary to Plaintiff's allegation in ¶ 36 of the Amended Complaint, that the individual who replaced Plaintiff as Vice President, Controller, is **not** Caucasian (and was more qualified for that role).

2019) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)) (Extrinsic evidence outside the pleading may be considered part of a complaint when that evidence is incorporated by reference in the pleading, or when a court deems the evidence to be "integral" to at least one claim in the pleading. Evidence is integral to the pleading where the plaintiff has actual notice of the evidence and the complaint "relies heavily upon its terms and effect" in "framing" the pleading). See also Ginx, Inc. v. Soho Alliance, 720 F. Supp. 2d 342, 345 (S.D.N.Y. 2010) ("[A]ny reference to several important court and administrative documents has been inexplicably and improperly omitted from the Amended Complaint, thereby creating a demonstrably false impression of certain key facts."). Indeed, Plaintiff purports to present statistics regarding the races and ages of employees, Compl. at ¶¶ 47, 48, 50, 62-70, to plead claims of sex, race and age discrimination. By providing these statistics, Plaintiff has demonstrated that the RIF and its accompanying data is integral to the Amended Complaint, if not incorporated by reference.

Plaintiff's federal discrimination claims are subject to the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). See, e.g., Watson v. Geithner, No. 11 Civ. 9527, 2013 U.S. Dist. LEXIS 141009 at *4 (S.D.N.Y. Sept. 27, 2013). At the motion-to-dismiss stage, it is the plaintiff's burden to plausibly allege a prima facie case of discrimination. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015). In order to establish a prima facie case under Title VII and the ADEA, a plaintiff must show that: (1) she was a member of a protected class; (2) she was competent to perform the job in question or was performing the duties satisfactorily; (3) she suffered a materially adverse employment action; and (4) the action occurred under circumstances that give rise to an inference of discrimination. See, e.g., Santiago v. ACACIA Network, Inc., 634 F. Supp. 3d 143, 155 n.4 (S.D.N.Y. 2022).

Plaintiff's only timely claims are related to her termination through the RIF in March 2024.

In support of her federal discrimination claims, Plaintiff alleges that that:

- As of March 4, 2024, Asian women comprised only 10% of Defendant Springworks' workforce but comprised 30% of the March 2024 RIF. <u>See</u> Compl. ¶ 62.

- Springworks executed the March 2024 RIF to reduce the number of non-Caucasian female employees employed at Springworks. <u>Id</u>. ¶ 63.

- Eighty percent of the employees terminated in the March 2024 RIF were over the age of 40, including Plaintiff. <u>Id</u>. ¶ 64.

- Springworks executed the RIF to reduce the number of employees over the age of 40 employed at Springworks. <u>Id</u>. ¶ 65.

Contrary to Plaintiff's allegations, the RIF Analysis showed the following success rates for Plaintiff's protected classes: Asian employees had a 101.79% success rate compared to White employees; employees 40 and over had a 94.50% success rate compared to employees under 40; and females had a 100.84% success rate compared to males. <u>See</u> Defendant's Adverse Impact Analysis at Exhibit B. Prior to the RIF, there were 34 employees reporting directly or indirectly to the same supervisor as Plaintiff, Defendant's CFO. Out of the 34 employees, 9 were under 40 and 25 were over 40; 20 were male and 14 were female; 19 were White, 2 were Black/African American, 4 were Hispanic/Latino, 2 were of two or more races, and 7 were Asian. <u>Id.</u> Five employees were selected for termination: 4 were over 40, 2 were female, 3 were male, and 1 was Asian. <u>Id.</u>

The actual statistics and data from the RIF directly contradict the inaccurate statistics provided in the Amended Complaint. Plaintiff's remaining allegations fail to identify or specify any similarly situated comparators necessary to establish the existence of any federal discrimination claim. Plaintiff merely states and repeats that Defendant employs "less experienced and less qualified Caucasian employee(s)." But, without more, these bald statements

are far too conclusory to plausibly support a claim for discrimination based on age, race, or gender under the ADEA or Title VII. See Blige v. City Univ. of N.Y., No. 15 Civ. 8873, 2017 U.S. Dist. LEXIS 8354, at *9 (S.D.N.Y. Jan. 19, 2017) ("Numerous courts within the Second Circuit have granted motions to dismiss disparate treatment claims where the complaint was entirely devoid of any details regarding the purported comparators, e.g., who they are, what their positions or responsibilities were at the company, how their conduct compared to plaintiffs', or how they were treated differently by defendants."), report and recommendation adopted, 2017 U.S. Dist. LEXIS 40928 (S.D.N.Y. Mar. 21, 2017); Williams v. Victoria's Secret, No. 15 Civ. 4715, 2017 U.S. Dist. LEXIS 11735, at *10 (S.D.N.Y. Jan. 27, 2017) (dismissing claim because the plaintiff's "bare assertion that he was replaced by a younger person is insufficient to create an inference of discriminatory intent"), adopted by 2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. Mar. 28, 2017); see also Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (explaining that dismissal of a disparate treatment claim is proper when the plaintiff fails "to plead any facts that would create an inference that any adverse action taken by any defendant was based upon her gender" (cleaned up)).

Accordingly, Plaintiff's discrimination claims under the ADEA and Title VII should be dismissed with prejudice.

## **<u>CONCLUSION</u>**

For these reasons, the Court should grant SpringWorks' motion to dismiss the Amended

Complaint in its entirety, with prejudice, with such other and further relief as the Court deems just

and proper.

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated:  April 1, 2025                    By:    _____
        New York, New York                       Joseph Anci
                                                 Olivia Hines
                                                 *Attorneys for Defendant*

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1</u>

The undersigned counsel hereby certifies, on this 1st day of April 2025, that the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint complies with Local Civil Rule 7.1(c), which limits the word count for briefs in support of a Motion to Dismiss to 8,750 words. This Memorandum of Law contains 4,409 words. Counsel certifying compliance has relied on the word count provided by a word-processing system used to prepare this motion.

By:    <u>*/s/ Olivia P. Hines*</u>
        Olivia P. Hines, Esq.