UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEI CHUAN WANG,

                Plaintiff,

        -against-

SPRINGWORKS THERAPEUTICS, INC.,

                Defendant.

Case No. 24-cv-08468 (JPC)


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR LEAVE TO FILE SECOND AMENDED COMPLAINT


David E. Byrnes, Esq.
Alex Granovsky, Esq.
GRANOVSKY & SUNDARESH, PLLC
48 Wall Street, 11th Fl.
New York, NY 10005
dbyrnes@g-s-law.com
ag@g-s-law.com
(646) 524-6001

Attorneys for Plaintiff Wei Chuan Wang.

# **Table of Contents**

PRELMINARY STATEMENT ................................................................................................ 1

STANDARD OF REVIEW .................................................................................................... 3

PLAINTIFF PROPERLY ALLEGED DISCRIMINATION CLAIMS UNDER TITLE VII
AND THE ADEA ................................................................................................................. 5

PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS SHOULD BE DISMISSED, BUT
PLAINTIFF SHOULD BE PERMITTED TO FILE A SECOND AMENDED
COMPLAINT ASSERTING CLAIMS UNDER FLORIDA LAW .......................................... 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)........................................ 3, 4

*Conley v. Gibson*, 355 U.S. 41,78 S. Ct. 99 2 L.Ed.2d 80 (1957) ............................. 4, 5

*Doe v. Vill. of Mamaroneck*, 462 F. Supp. 2d 520, 550 n.3 (S.D.N.Y. 2006) .............. 6

*Donahue v. Metro. Life Ins. Co.* (S.D.N.Y. Mar. 5, 2025) 2025 U.S. Dist. LEXIS 39916 ........... 4

*Holmes v. YMCA of Yonkers, Inc*., 2020 U.S. Dist. LEXIS 3901 ............................. 4, 5

*Massaro v. Bd. Of Educ. Of City Sch. Dist of City of New York*, 774 F. App'x 18, 21 (2d Cir. 2019) ................................................................................................................. 5

*Pugliese v. Long Island R.R.*, 2007 U.S. Dist. LEXIS 63879 ....................................... 6

*Seltzer v. Dresdner Kleinwort Wasserstein, Inc.*, 356 F. Supp. 2d 288, 296 (S.D.N.Y. 2005) ...... 6

*Simon v. City of New York Dep't of Corr.* (S.D.N.Y. July 29, 2022, No. 18-CV-12063 (JPC)(SN) 2022 U.S.Dist.LEXIS 151359 ................................................................. 3

*Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)............. 5

*Trotter v NFL*, 737 F Supp 3d 172, 193-195 (SDNY 2024)......................................... 7

*Trujillo v. City of N.Y.*, 2016 WL 10703308.................................................................. 4

*United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 52 L. Ed. 2d 571, 97 S. Ct. 1885 (1977)....... 6

*Vega v. Hempstead Union Free Sch. Dist*., 801 F. 3d 72, 85 (2d Cir. 2015)................. 5

*Woodham v. Blue Cross & Blue Shield of Fla., Inc.* 829 So. 2d 891, 897 (Fla. 2002).................. 8

**Statutes**

Fed. R. Civ P. 8(a) ........................................................................................................ 5

Fed. R. Civ. P 12(b)(6) ................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3

Florida Civil Rights Act ("FCRA") ............................................................................. 8

New York City Human Rights Law ("NYCHRL") ...................................................... 7

New York State Human Rights Law ("NYSHRL") ...................................................... 7

## PRELMINARY STATEMENT

Plaintiff, Ms. Wei Chuan Wang filed this action after Springworks Therapeutics, Inc. ("Defendant") terminated her employment for discriminatory reasons.  See Plaintiff's Amended Complaint ¶ 2.  Ms. Wang provided five years of exceptional performance before Defendant abruptly terminated Ms. Wang's employment without any reasonable basis, justification, or legitimate business purpose. *Id* at ¶ 13.

Ms. Wang was hired by Defendant as Director Corporate Controller reporting to the CEO in January 2019 when Defendant was a startup. *Id* at ¶¶19-20.  Ms. Wang took a significant risk to her career to join Defendant's fledgling company and was one of only two individuals that built Defendant's accounting and finance departments from scratch.  *Id* at ¶¶ 23-36.  Ms. Wang's early and dedicated work paid off and her efforts contributed to Defendant's value more than tripling since its Initial Public Offering ("IPO") in August 2019.  *Id* at ¶ 33.

One day before Defendant's IPO in August 2019, Defendant hired Francis Perier, a Caucasian man, as its Chief Financial Officer ("CFO").  *Id* at ¶ 27.  Mr. Perier brought three subordinates to Defendant to work directly under him.  In or about October 2019, Defendant's CEO promoted Ms. Wang to Vice President Corporate Controller.  *Id* at ¶ 31.  Ms. Wang was assigned to report to the CFO and was one of four employees reporting directly to the CFO.  *Id* at ¶¶ 27-30.  Ms. Wang, an Asian woman, was the only direct report to the CFO who was not a Caucasian man.  *Id* at ¶ 29-30.

During the next four years of her employment, the new CFO consistently treated Ms. Wang less favorably than her significantly younger Caucasian male colleagues.  *Id* at ¶ 35.  Ms. Wang received less support, fewer resources, and was even forced to vacate her position as Vice President

Corporate Controller so that Defendant could replace her with a significantly younger and less qualified Caucasian male.  *Id* at ¶¶ 35-44.

Ms. Wang was assigned to the position of Vice President of Treasury and Equity, a position she did not ask or apply for.  *Id* at ¶¶ 36-39.  Ms. Wang's only other option was termination.  *Id* at ¶ 39.  As the Vice President of Treasury and Equity, Ms. Wang's duties included preparing reports on employee payroll and equity grants and was involved in the financial aspect of employee terminations.  *Id* at ¶¶ 45-46.  In preparing payroll and equity grant reports for Defendant, Ms. Wang noticed that female employees received approximately 45% less pay, lower bonuses, and lower awards in stock grants.  *Id* at ¶¶ 46-49.  As of December 2023, Ms. Wang noticed that Defendant's senior management was comprised of approximately 30% women, even though Defendant often stated that female employees comprised more than 55% of its total workforce.  *Id* at ¶¶ 47-48.  The number of female employees in senior management further declined in 2024 as Defendant systematically removed female employees in senior management.  *Id* at ¶ 50.  In the 18 months prior to Ms. Wang's termination on March 4, 2024, the only terminations in senior management were exclusively female employees.  *Id*.

Defendant terminated Ms. Wang's employment on March 4, 2024 as part of its reduction in force ("RIF").  *Id* at ¶ 52.  Ms. Wang had no performance issues, had never been disciplined, and Defendant was not having financial difficulties.  *Id* at ¶ 54.  Ms. Wang was the only direct report of the CFO to be included in the RIF.  *Id* at ¶ 53.  None of the significantly younger Caucasian male employees who reported to the CFO were included in the RIF, despite some of them having fewer qualifications than Ms. Wang.  *Id* at ¶¶ 36-38, 53.  Defendant's RIF disproportionately targeted women, minorities, and employees over the age of 40.  *Id* at ¶¶ 62-67.  Ms. Wang is a member of all three of those protected classes.  *Id* at ¶ 12.

The disclosures Defendant was required to provide under the ADEA add credence to Ms. Wang's observations that employees like Ms. Wang were treated less favorably. *Id* at ¶¶ 46, 49-51, 53, 60-72. Specifically, minority employees over the age of 40 were twice as likely to be included in the RIF than Caucasian male employees under the age of 40. *Id* at ¶¶ 62-67. The Defendant would not have terminated Ms. Wang's employment but for her age, race, and gender. *Id* at ¶¶ 66-72. Defendant's targeted termination of employees based on age, race, and gender allowed Defendant to retain a significantly younger and less diverse workforce. *Id*.

When Defendant terminated Ms. Wang's employment on March 4, 2024, it had nearly 340 employees, but only 11 of those employees had more seniority than Ms. Wang and none of the 11 were Asian women. *Id* at ¶¶ 60-61. Ms. Wang was the most senior Asian woman over the age of 40 in senior management and was performing her duties exceptionally well. *Id*. at ¶¶ 54, 60-61. Defendant's termination of Ms. Wang's employment on March 4, 2024 followed a 5-year-long pattern and practice of discrimination against her based on her age, race, and gender.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) provides that parties may assert by motion a defense based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A motion to dismiss under Rule 12(b)(6) is only appropriate "when the allegations in a complaint, however true, could not raise a claim of entitle to relief." *Id*. This Court has stated that for "a Rule 12(b)(6) motion, the movant bears the burden of proof" that the plaintiff has failed to state a claim. *Simon v. City of New York Dep't of Corr.* (S.D.N.Y. July 29, 2022, No. 18-CV-12063 (JPC)(SN) 2022 U.S.Dist.LEXIS 151359.

The standard for Rule 12(b)(6) has evolved over time.  In *Conley v. Gibson*, 355 U.S. 41,78 S. Ct. 99 2 L.Ed.2d 80 (1957), the Supreme Court explained "the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45. In *Twombly*, 55 U.S. 544 (2007), the Court addressed the "no set of facts" test and explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id* at 563.  "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id*.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) the Supreme Court again clarified that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face." *Id*. at 678, citing *Twombly*, at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. 544, 564.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. quoting *Twombly*, at 556.

When considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.  *Holmes v. YMCA of Yonkers, Inc*., 2020 U.S. Dist. LEXIS 3901. Courts in the Second Circuit hold that "[A] plaintiff alleging employment discrimination or retaliation is not required to plead facts sufficient to establish a prima facie case."  *Donahue v. Metro. Life Ins. Co.* (S.D.N.Y. Mar. 5, 2025) 2025 U.S. Dist. LEXIS 39916, at *9, *citing Trujillo v. City of N.Y.*, 2016 WL 10703308, at *4.  Rather, "the ordinary rules for assessing the sufficiency

4

of a complaint under Fed. R. Civ. P. 8(a)'s notice pleading standard apply." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).  "Prima facie elements of an employment discrimination claim are an evidentiary standard and not a pleading requirement. Therefore, at the motion to dismiss stage, an employment discrimination plaintiff does not need to prove its prima facie case of

The standard for a motion to dismiss is essentially whether or not the plaintiff has provided the defendant with fair notice of her claims.  Fed. R. Civ P. 8(a) requires a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief…"  The purpose of this Rule is to "give the defendant fair notice of what the …claim is and the grounds upon which it rests."  *Conley*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80.

Plaintiff's complaint undoubtedly provided Defendant with fair notice of her claims for wrongful termination based on her age, race, and gender by providing substantially more information than "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, at 679.

## PLAINTIFF PROPERLY ALLEGED DISCRIMINATION CLAIMS UNDER TITLE VII AND THE ADEA

In *Massaro v. Bd. Of Educ. Of City Sch. Dist of City of New York*, 774 F. App'x 18, 21 (2d Cir. 2019) the Court held that "ADEA claims are analyzed under the same framework as claims under Title VII."  Courts in the Second Circuit have explained that "[t]o state a Title VII or ADEA discrimination claim, a plaintiff must allege two elements: (1) the employer discriminated against him (2) because of [a protected characteristic]."  *Holmes* at *6 quoting Vega v. Hempstead Union Free Sch. Dist.,* 801 F. 3d 72, 85 (2d Cir. 2015).

Ms. Wang's complaint alleges that during the entirety of her employment with Defendant, she was repeatedly discriminated against based on her age, race, and gender.   Ms. Wang's

complaint alleges that she was repeatedly treated less favorably than her significantly younger, Caucasian male colleagues.  Ms. Wang's complaint alleges that the pattern and practice of discrimination she faced in her employment with Defendant continued into Defendant's decision to terminate her employment.

The pattern of ongoing discrimination that Ms. Wang suffered is relevant, even if partly time-barred, because it highlights Defendant's pattern and practice of discrimination and provides context for the termination of her employment.  After all, Ms. Wang was the 12th most tenured employee at Defendant and was performing her job exceptionally well at a time when Defendant's business was thriving.

"A discriminatory act which is not made the basis for a [lawsuit] … may constitute relevant background evidence in [the lawsuit]." *Pugliese v. Long Island R.R.,* 2007 U.S. Dist. LEXIS 63879 at 4, *citing United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 52 L. Ed. 2d 571, 97 S. Ct. 1885 (1977); see also *Doe v. Vill. of Mamaroneck,* 462 F. Supp. 2d 520, 550 n.3 (S.D.N.Y. 2006*); Seltzer v. Dresdner Kleinwort Wasserstein, Inc.,* 356 F. Supp. 2d 288, 296 (S.D.N.Y. 2005).

When Defendant selected Ms. Wang for termination in the RIF, it did so based on her age, race, and gender.  The great American writer, Mark Twain once said that "facts are stubborn things, but statistics are more pliable."  Indeed, the Adverse Impact Analysis listed as Exhibit B to Defendant's motion to dismiss appears to show that minority females over the age of 40 had an extremely low chance of termination in the March 2024 RIF when the opposite is true.

Defendant's Exhibit B purports to show that the decisional unit including Ms. Wang consisted of 34 people who reported directly or indirectly to the CFO.  Ms. Wang was one of only four people who directly reported to the CFO.  Of the four people reporting directly to the CFO, three were Caucasian men, and one, Ms. Wang, was an Asian woman.  None of the Caucasian men

reporting directly to the CFO were terminated in the RIF.  Defendant's Exhibit B shows that of the 34 people in the decisional unit, only five were selected for termination.  Of those five people selected for termination, four (80%) were over the age of 40 and half of those four were minority women (one Asian and the other Hispanic).  Nearly half of the terminations in Ms. Wang's decisional unit were minority females over the age of 40.  Prior to the March 2024 RIF, Asian women, like Ms. Wang, comprised about 10% of Defendant's workforce but were about 30% of the total March 2024 RIF.

Ms. Wang's complaint alleges that her termination of employment was based on her age, race, and gender.  The Defendant provided documentation that supports her allegations of discrimination in the complaint and shows that Asian and minority women faced a significantly higher risk of termination in the March 2024 RIF than Caucasian men under the age of 40, even when performance or discipline is not a factor.

### PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS SHOULD BE DISMISSED, BUT PLAINTIFF SHOULD BE PERMITTED TO FILE A SECOND AMENDED COMPLAINT ASSERTING CLAIMS UNDER FLORIDA LAW

Ms. Wang acknowledges that her claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") must be dismissed. Neither Plaintiff nor Defendant were located in New York during the relevant period, and the alleged discriminatory acts occurred outside of New York, and their impact was felt outside of New York. The protections of the NYSHRL and NYCHRL do not apply extraterritorially. *See e.g.,* *Trotter v NFL*, 737 F Supp 3d 172, 193-195 (SDNY 2024).  Ms. Wang respectfully concedes that her reliance on the choice-of-law provision in her employment agreement with Defendant, and the fact that Defendant was headquartered in New York at the time of her hire, were erroneous bases

for asserting claims under New York law.  Ms. Wang further acknowledges that her claims under the NYSHRL and NYCHRL must therefore be dismissed.

However, Ms. Wang respectfully requests leave to file a Second Amended Complaint, attached hereto as **Exhibit A**. The proposed Second Amended Complaint removes all references to the NYSHRL and NYCHRL and instead asserts parallel claims under the Florida Civil Rights Act ("FCRA"), codified at Chapter 760 of the Florida Statutes. Ms. Wang worked remotely for Defendant from her home in Florida at all relevant times, and thus the FCRA is the appropriate statutory framework for her claims.

Moreover, Ms. Wang's administrative charge filed with the U.S. Equal Employment Opportunity Commission ("EEOC") adequately placed Defendant on notice of the claims arising from the alleged discrimination.  Courts have routinely held that an EEOC charge satisfies the administrative exhaustion requirement for purposes of FCRA claims, even in the absence of a formal dual-filing with the Florida Commission on Human Rights, where, as here, the defendant is fairly apprised of the nature of the claims. *See, e.g.*, *Woodham v. Blue Cross & Blue Shield of Fla., Inc.,* 829 So. 2d 891, 897 (Fla. 2002).

Accordingly, Ms. Wang respectfully requests that, while her current NYSHRL and NYCHRL claims be dismissed, she be permitted to file her Second Amended Complaint substituting her claims under Florida law. No undue prejudice will result to Defendant, as the factual allegations underlying the claims remain unchanged, and Defendant has been on notice of the essential nature of Plaintiff's claims since the inception of this litigation.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint should be denied in its entirety.

Dated:  May 2, 2025
        New York, New York

                                        /s/ David E. Byrnes
                                        David Byrnes (6055172)
                                        Alex Granovsky (AG-6962)
                                        GRANOVSKY & SUNDARESH, PLLC
                                        48 Wall Street, 11th Floor
                                        New York, NY 10005
                                        (646) 524-6001
                                        dbyrnes@g-s-law.com
                                        ag@g-s-law.com

                                        Attorneys for Plaintiff