UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

Wei Chuan Wang,

                       Plaintiff,

       -against-                             Index No. 24-cv-08468 (JPC)

Springworks Therapeutics, Inc.,

                       Defendant.

---------------------------------------------------------------X


**DEFENDANT SPRINGWORKS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**


                                                       JACKSON LEWIS P.C.
                                                     666 Third Avenue, 29th Floor
                                                     New York, NY 10017
                                                     (212) 545-4000

                                                     Joseph Anci, Esq.
                                                     Olivia P. Hines, Esq.
                                                     *Attorneys for Defendant*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC,
   56 F. Supp. 3d 436 (S.D.N.Y. 2014) ..................................................................................... 8

Bischoff v. Albertsons Co.,
   678 F. Supp. 3d 518 (S.D.N.Y. June 26, 2023) ................................................................... 11

Blige v. City Univ. of N.Y.,
   No. 15 Civ. 8873, 2017 U.S. Dist. LEXIS 8354 (S.D.N.Y. Jan. 19, 2017) ............................ 9

Faughnan v. Nassau Health Care Corp.,
   No. 2:19-cv-03171 (RJD)(RLM), 2021 U.S. Dist. LEXIS 78845 (E.D.N.Y.
   Mar. 18, 2021) ................................................................................................................. 6, 10

Harris v. City of New York,
   186 F.3d 243 (2d Cir. 1999) ................................................................................................... 5

Huda v. N.Y.C. Health & Hosps. Corp.,
   No. 19-cv-11556 (AJN), 2021 U.S. Dist. LEXIS 58548 (S.D.N.Y. Mar. 26,
   2021) ..................................................................................................................................... 6

Lombardo v. Seuss Enters., L.P.,
   No. 16 Civ. 9974 (AKH), 2017 WL 1378413 (S.D.N.Y. Apr. 7, 2017) ................................. 8

Margolis v. Pub. Health Tr.,
   89 F. Supp. 3d 1343 (S.D. Fla. 2015) .................................................................................. 12

Nazon v. Time Equities, Inc.,
   No. 21 Civ. 8680 (AT), 2022 U.S. Dist. LEXIS 212823 (S.D.N.Y. Nov. 22,
   2022) ..................................................................................................................................... 5

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007) ................................................................................................. 10

Ruotolo v. City of N.Y.,
   514 F.3d 184 (2d Cir. 2008) ................................................................................................. 11

Southwick Clothing LLC v. GFT (USA) Corp.,
   No. 99 Civ. 10452 (GBD), 2004 WL 2914093 (S.D.N.Y. Dec. 15, 2004) ............................ 8

Washington v. Fla. Dep't of Revenue,
   337 So. 3d 502 (Fla. 1st DCA 2022) ................................................................................... 11

Williams v. Victoria's Secret,
   No. 15 Civ. 4715, 2017 U.S. Dist. LEXIS 11735 (S.D.N.Y. Jan. 27, 2017) ........................ 10

**Statutes**

Age Discrimination in Employment Act of 1967 ................................................................ *passim*

Florida Civil Rights Act ........................................................................................... 4, 8, 11, 12

Title VII of the Civil Rights Act of 1964 ............................................................................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 3

Federal Rules of Civil Procedure 1 ......................................................................................... 11

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT .................................................................................................................................. 3
    I.    PLAINTIFF'S FEDERAL DISCRIMINATION CLAIMS SHOULD BE DISMISSED. ................................................................................................................ 3
        A.    Any Allegations Predating June 4, 2023 Are Time-Barred Under Title VII and the ADEA. ............................................................................... 3
        B.    Plaintiff's Attempts to Introduce New Facts Should Be Disregarded. ....................................................................................................... 5
        C.    Plaintiff Fails to State a Claim for Discrimination Under Title VII and the ADEA. .................................................................................................. 6
    II.    PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT A SECOND TIME SHOULD BE DENIED. ................................................................................ 8
CONCLUSION ............................................................................................................................. 10

**PRELIMINARY STATEMENT**[1]

In opposition to Defendant's motion to dismiss, Plaintiff fails to refute Defendant's arguments that Plaintiff has failed to plead any plausible claim. Instead, Plaintiff bolsters her conclusory allegations with additional conclusory statements, including that she "undoubtedly provided Defendant with fair notice of her claims for wrongful termination based on her age, race, and gender by providing substantially more information than 'legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" This assertion, however, does not cure any fundamental pleading deficiencies in the Amended Complaint.

Plaintiff concedes that any allegations concerning events that occurred prior to June 4, 2023—300 days before Plaintiff filed her EEOC Charge—are time-barred under both Title VII and the ADEA. The only timely allegations in the Amended Complaint relate to the termination of her employment as part of the 2024 reduction in force ("RIF"). However, Plaintiff now, for the first time in opposition, alleges that these "background facts" establish a pattern and practice of discrimination. However, even with this attempt to clarify her claims, Plaintiff has provided nothing more than generalized allegations of a purported discriminatory policy in lieu of pleading all required elements of a prima facie claim of discrimination.

Additionally, Plaintiff has failed to allege that her inclusion in a RIF was motivated by discriminatory intent.

Lastly, Plaintiff's improper request for leave to file a second amended complaint should be disregarded. Plaintiff has not sought leave to file a second amended complaint in accordance with

---

[1] Defendant incorporates by reference the abbreviations and exhibits cited in Defendant's initial motion to dismiss the Amended Complaint ("Am. Compl."), filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). Page citations for both Defendant's Memorandum of Law in Support of the Motion ("Def.'s Mem.") and Plaintiff's opposition ("Pl.'s Opp.") refer to the ECF page numbers.

this Court's rules, and, therefore, this request is not properly before the Court. Moreover, Plaintiff's request is belated and futile. Plaintiff was aware of Defendant's arguments regarding Plaintiff's inability to pursue NYSHRL and NYCHRL claims at the time that she first amended her Complaint and as early as February 10, 2025, when Defendant filed its pre-motion letter (ECF Doc. No. 14). Plaintiff had the opportunity to amend her Complaint in response to these arguments and did, in fact, file an Amended Complaint but chose to proceed with her NYSHRL and NYCHRL claims in lieu of asserting claims under the Florida Civil Rights Act, as she now seeks to do.

For these reasons, as well as those previously articulated and further argued herein, Plaintiff's Amended Complaint should be dismissed in its entirety and the request for leave to file a second amended complaint should be denied.

**ARGUMENT**

I. **PLAINTIFF'S FEDERAL DISCRIMINATION CLAIMS SHOULD BE DISMISSED.**

   A. **Any Allegations Predating June 4, 2023 Are Time-Barred Under Title VII and the ADEA.**

Plaintiff concedes that events prior to June 4, 2023—300 days before Plaintiff filed her EEOC Charge—are time-barred under both Title VII and the ADEA. See Def.'s Mem. at 15. However, Plaintiff's opposition attempts to salvage these allegations by stating that the time-barred allegations somehow demonstrate a "pattern of ongoing discrimination." Pl.'s Opp. at 6. To the extent that Plaintiff is attempting to allege a continuing violation, any such argument is meritless and should be disregarded. See Nazon v. Time Equities, Inc., No. 21 Civ. 8680 (AT) (SLC), 2022 U.S. Dist. LEXIS 212823, at 23–26 (S.D.N.Y. Nov. 22, 2022) (holding that a multi-year gap between untimely and timely claims breaks any "continuum of discrimination" necessary to establish a continuing violation) (collecting cases).

Plaintiff's deficient amendment further supports the dismissal of any time-bared claims. Despite having notice that Defendant was arguing that any alleged adverse actions between 2019 and 2021 were untimely, Plaintiff has not identified any adverse employment actions occurring between her alleged reassignment to another Vice President role in 2021 and her termination in 2024. See Am. Compl. ¶¶ 36–49.

The only timely allegations set forth in the Amended Complaint relate to the 2024 RIF. While Plaintiff again attempts asserting a "pattern and practice" of discrimination to incorporate these claims, this effort fails for the following reasons.

To defeat a motion to dismiss, a plaintiff must demonstrate that she has "allege[d] both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." Harris v. City of New York, 186 F.3d 243, 249–50 (2d Cir. 1999).

3

With respect to age discrimination, Plaintiff's only timely allegation that she was allegedly terminated because of her age cannot support a continuing violation theory, as the Amended Complaint does not allege any other age-related incidents—timely or otherwise. Therefore, Plaintiff has not plausibly alleged an "ongoing policy" of age discrimination. See Faughnan v. Nassau Health Care Corp., No. 2:19-cv-03171 (RJD)(RLM), 2021 U.S. Dist. LEXIS 78845, at *6–7 (E.D.N.Y. Mar. 18, 2021).

Plaintiff's gender and race discrimination claims similarly fail because she has not plausibly alleged that she suffered an adverse employment action because of her sex or race, or refuted Defendant's arguments in her opposition. Although Plaintiff's opposition asserts that the RIF data shows Asian and minority women were disproportionately impacted compared to Caucasian men under 40, this is a blatant misrepresentation of the actual data provided. The RIF data speaks for itself: among the retained employees from the decisional unit, 21 were over 40 and 8 were under 40; 17 were male and 12 were female. Of the 7 employees in the decisional unit who identified as Asian, only 1 was selected for termination. Plaintiff now attempts to group herself with "minority women," however, this is not the protected category at issue in the Amended Complaint.[2] Her claims are specifically that Asian women over 40 were treated disparately. Plaintiff has not pled a plausible claim of a pattern or practice of discrimination based on gender, age, or race under Title VII or the ADEA for events occurring prior to June 4, 2023, sufficient to survive the instant motion. See Huda v. N.Y.C. Health & Hosps. Corp., No. 19-cv-11556 (AJN), 2021 U.S. Dist. LEXIS 58548, at 16 (S.D.N.Y. Mar. 26, 2021) (holding, absent any allegations of facts showing a discriminatory motive, the plaintiff did not make out a prima facie case of discrimination).

---

[2] The RIF data does not support any alleged claim, stated or unstated, that "minority women" were targeted for termination.

4

Accordingly, Plaintiff has not, and cannot, demonstrate that any time barred claim is saved as part of any alleged pattern and practice or continuing violation. Thus, Plaintiff's federal discrimination claims should be dismissed for failure to establish any cognizable cause of action.

### B. Plaintiff's Attempts to Introduce New Facts Should Be Disregarded.

Plaintiff attempts to introduce new dates and facts in her opposition brief that were not alleged in the Amended Complaint. For example, on page 2 of her opposition, Plaintiff states: "As of December 2023, Ms. Wang noticed that Defendant's senior management was comprised of approximately 30% women, even though Defendant often stated that female employees comprised more than 55% of its total workforce." Pl.'s Opp. at 2 (citing Am. Compl. ¶¶ 47–48). However, paragraphs 47 and 48 of the Amended Complaint state:

- Defendant SpringWorks regularly promoted the fact that its female employees comprised at least 55% of its workforce. Id. ¶ 47.

- Plaintiff noticed that although female employees comprised at least 55% of Defendant SpringWorks' workforce, less than 30% of Defendant SpringWorks' Senior Management were female. Id. ¶ 48.

There is no mention of December 2023 in those paragraphs.

Similarly, on page 5 of her opposition, Plaintiff asserts: "As the Vice President of Treasury and Equity, Ms. Wang's duties included preparing reports on employee payroll and equity grants and was involved in the financial aspect of employee terminations." Pl.'s Opp. at 5 (citing Am. Compl. ¶¶ 45–46). She further claims that Ms. Wang noticed female employees received approximately 45% less pay, lower bonuses, and lower stock grant awards. Id. at ¶¶ 46–49. However, the Amended Complaint does not allege that female employees received 45% lower pay or stock grants, nor does it state that Ms. Wang's duties included preparing payroll and equity reports or handling financial aspects of terminations.

Instead, the Amended Complaint states:

5

- As Vice President, Treasury and Equity, Plaintiff was involved in reviewing financial data including employee compensation, disciplinary actions, and severance negotiations." Am. Compl. ¶ 45.

- As Vice President, Treasury and Equity, Plaintiff noticed a pattern of discrimination at Defendant SpringWorks. Id. ¶ 46.

- Defendant SpringWorks regularly promoted the fact that its female employees comprised at least 55% of its workforce. Id. ¶ 47.

- Plaintiff noticed that although female employees comprised at least 55% of Defendant SpringWorks' workforce, less than 30% of Defendant SpringWorks' Senior Management were female. Id. ¶ 48.

- Plaintiff also noticed that female employees received lower pay, fewer bonuses, fewer incentive awards, and fewer opportunities for advancement than their similarly situated male colleagues. Id. ¶ 49.

Again, another attempt by Plaintiff to try to introduce facts not initially plead.

Plaintiff had the opportunity to include these additional facts when she filed her Amended Complaint. She should not be permitted to amend the complaint a second time, nor should she be allowed to introduce new factual allegations through her opposition brief. See Southwick Clothing LLC v. GFT (USA) Corp., No. 99 Civ. 10452 (GBD), 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers."); Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) ("It is axiomatic that the Complaint cannot be amended by briefs in opposition to a motion to dismiss."); see also Lombardo v. Seuss Enters., L.P., No. 16 Civ. 9974 (AKH), 2017 WL 1378413, at *4 (S.D.N.Y. Apr. 7, 2017).

### C. Plaintiff Fails to State a Claim for Discrimination Under Title VII and the ADEA.

In support of her federal discrimination claims, Plaintiff alleges that between January 2023 and March 4, 2024, all involuntary terminations from the top three levels of Defendant SpringWorks' senior management were women, 67% of whom were Asian. See Compl. ¶ 50. She

further alleges that, as of March 4, 2024, Asian women made up only 10% of SpringWorks' workforce but accounted for 30% of those terminated in the RIF. Id. ¶ 62. Plaintiff claims the RIF was executed to reduce the number of non-Caucasian female employees and employees over the age of 40. Id. ¶¶ 63, 65. She also alleges that 80% of those terminated were over 40, including herself. Id. ¶ 64.

Plaintiff now argues that of the five individuals selected for termination in her decisional unit, four (80%) were over 40. Pl.'s Opp. at 10. She also claims that nearly half of the terminations in her decisional unit were minority females over 40. Id. However, the percentages Plaintiff relies on are statistically insignificant given the small sample size, and are misleading. Among the retained employees, 21 were over 40 and 8 were under 40; 17 were male and 12 were female. Of the 7 employees in the decisional unit who identified as Asian, only 1 was selected for termination. See Exhibit B. The RIF passed the four-fifths (or eighty percent) test, as those aged 40 and over had a "success rate" that was 94.50% of the success rate of those under age 40 in the decisional unit, female employees had a success rate of 100.84% relative to male employees, and Asian employees had a success rate of 101.79% relative to the majority (white) employees.

Moreover, Plaintiff fails to identify any similarly situated comparators necessary to support a claim of disparate treatment. She merely asserts that similarly situated Caucasian men were not selected for termination. Yet three of the five individuals terminated were white males. When arguing disparate impact, Plaintiff inconsistently groups herself with all terminated employees, but then isolates herself from the decisional unit to claim that none of the Caucasian men reporting directly to the CFO were terminated. This selective framing undermines her argument.

Plaintiff's subjective belief that she was selected for termination due to discriminatory reasons and lack of comparator details are insufficient to survive a motion to dismiss. See Blige v.

7

City Univ. of N.Y., No. 15 Civ. 8873, 2017 U.S. Dist. LEXIS 8354, at *9 (S.D.N.Y. Jan. 19, 2017) (dismissing claims lacking comparator details), report and recommendation adopted, 2017 U.S. Dist. LEXIS 40928 (S.D.N.Y. Mar. 21, 2017); Williams v. Victoria's Secret, No. 15 Civ. 4715, 2017 U.S. Dist. LEXIS 11735, at *10 (S.D.N.Y. Jan. 27, 2017), adopted by, 2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. Mar. 28, 2017); see also Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal where no facts supported an inference of discriminatory intent).

In short, Plaintiff cannot manufacture an inference of discrimination where none exists. The Amended Complaint fails to allege sufficient facts to support even a minimal inference that her termination was motivated by discriminatory intent. See Faughnan v. Nassau Health Care Corp., No. 2:19-cv-03171 (RJD)(RLM), 2021 U.S. Dist. LEXIS 78845 (E.D.N.Y. Mar. 18, 2021) (dismissing plaintiff's gender and age discrimination claims under Title VII and the ADEA; although the court found the plaintiff plausibly alleged an adverse employment action—termination—it held she failed to plausibly allege discriminatory motive, despite allegations that she was reappointed to a different position so that a male could be appointed to her former role, was denied permission to maintain an outside legal practice while a male colleague was allowed to do so, and was not permitted to review or edit her severance letter, unlike male employees).

Accordingly, Plaintiff's discrimination claims under the ADEA and Title VII should be dismissed with prejudice.

## II. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT A SECOND TIME SHOULD BE DENIED.

Plaintiff was made aware of Defendant's arguments regarding the inapplicability of the NYSHRL and NYCHRL as early as February 10, 2025, when Defendant filed its pre-motion letter. See ECF No. 14. Plaintiff had the opportunity to amend her Complaint in response to these arguments—and did so—but failed to withdraw her NYSHRL and NYCHRL claims or to assert

8

claims under the Florida Civil Rights Act, as she now seeks to do. In fact, Plaintiff reasserted her NYSHRL and NYCHRL claims in the Amended Complaint even though she now concedes that those claims "must be dismissed."

Leave to amend may properly be denied for a plaintiff's repeated failure to cure deficiencies by prior amendments or if the proposed amendment would be futile. See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008). A plaintiff's failure to cure deficiencies in an initial pleading, after being provided notice of those deficiencies, is alone sufficient ground to deny leave to amend. See Bischoff v. Albertsons Co., 678 F. Supp. 3d 518, 528-529 (S.D.N.Y. June 26, 2023) (citing Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257-58 (2d Cir. 2018)) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim").

Here, Plaintiff has plainly failed to cure deficiencies in her pleading after receiving notice of the exact deficiencies and arguments Defendant sought to present in its motion to dismiss. See ECF Doc. No. 14. This alone should preclude Plaintiff from amending her Complaint a second time.[3]

Additionally, the proposed amendment would be futile. The Florida Civil Rights Act that Plaintiff now seeks to substitute for her New York State and City claims is subject to the same standards and evaluation as Title VII and ADEA claims. See Washington v. Fla. Dep't of Revenue, 337 So. 3d 502, 511 (Fla. 1st DCA 2022) ("Because the Florida Civil Rights Act was modeled on

---

[3] In addition, Defendant respectfully submits that Plaintiff's request to amend yet again would only serve to prevent the "just, speedy, and inexpensive determination," of this action in violation of Rule 1 of the Federal Rules of Civil Procedure.

9

Title VII, Florida courts apply Title VII case law when interpreting the Florida Civil Rights Act."); see also Margolis v. Pub. Health Tr., 89 F. Supp. 3d 1343, 1349 n.1 (S.D. Fla. 2015) ("Because the FCRA is modeled after Title VII as well as the ADEA, '[f]ederal case law interpreting Title VII and the ADEA is applicable to cases arising under the FCRA.'"). Accordingly, the arguments in support of the dismissal of Plaintiff's federal claims set forth above support dismissal of any claims arising under the Florida Civil Rights Act, and any proposed amendment would be futile.

Accordingly, Plaintiff's request to amend the Complaint for a second time should be denied and the first Amended Complaint should be dismissed.

## CONCLUSION

For these reasons, the Court should grant SpringWorks' motion to dismiss the Complaint in its entirety, with prejudice, with such other and further relief as the Court deems just and proper.

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: May 23, 2025        By: _____
New York, New York              Joseph Anci
                                *Attorneys for Defendant*

**CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1**

The undersigned counsel hereby certifies, on this 23 day of May 2025, that the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, which limits the word count for reply briefs to 3,500 words. This Reply Memorandum of Law contains 2,856 words. Counsel certifying compliance has relied on the word count provided by a word-processing system used to prepare this motion.

By:      /s/ Olivia P. Hines  
         Olivia P. Hines, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Wei Chuan Wang,

                    Plaintiff,

    -against-

Springworks Therapeutics, Inc.,

                    Defendant.

Index No. 24-cv-08468 (JPC)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 23, 2025, she caused a true and correct copy of Defendant's Reply Memorandum of Law in Further Support of the Motion to Dismiss Plaintiff's Amended Complaint to be served on Plaintiff through her counsel of record by filing a copy thereof by CM/ECF in accordance with the United States District Court, Southern District of New York's Electronic Case Filing Rules and Instructions.

                                                                */s/ Olivia Hines*
                                                                Olivia P. Hines